IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **CHILDREN'S HEALTHCARE OF ATLANTA, INC.** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) ) | 1:13-cv-3551-WSD |
| **SHARON MCCRAY,** | ) ) ) | |
| **Defendant.** | ) ) ) | |

## ORDER GRANTING TEMPORARY RESTRAINING ORDER

Upon consideration of Plaintiff's Complaint and request for issuance of a temporary restraining order, the Court finds that Plaintiff has certified under oath that Plaintiff will suffer irreparable injury before the Defendant can be heard in opposition to Plaintiff's Motion for Temporary Restraining Order and that Plaintiff's counsel has certified in writing that notice to Defendant may cause Defendant to disclose, destroy or otherwise make unavailable information prohibited from disclosure, including personal patient information.  Based on these representations, the Court finds a basis to issue this Temporary Restraining Order. The Court further finds that Plaintiff has demonstrated: (i) a likelihood of success

on the merits of its claim; (ii) irreparable harm if temporary injunctive relief is not granted; (iii) that the threatened harm to Plaintiff outweighs the harm to Defendant if injunctive relief is granted; and (iv) that the temporary restraining order will serve the public interest.  Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order (the "Motion") is **GRANTED**.  Defendant, and any persons in active concert or participation with her, are **ENJOINED** from accessing, using, disclosing, altering, destroying, transmitting or communicating, directly or indirectly, to any person or entity any patient health information, numbers assigned to healthcare providers by the United States Drug Enforcement Administration, healthcare providers' license numbers, Plaintiff's internal communications, Plaintiff's financial information, audits of Plaintiff or its operations, and any other information emailed or otherwise transmitted by Defendant to any computer or electronic media owned, possessed or controlled by or accessible to her, and any information that is derived from or based on the foregoing.

**IT IS FURTHER ORDERED** that a hearing on the Motion shall be held on October 31, 2013, at 2:00 p.m. in Courtroom 1701, Richard B. Russell Building,

75 Spring Street, Atlanta, Georgia.  Plaintiff shall hand-deliver a copy of this Order to Defendant as soon as possible but no later than noon, October 28, 2013.

**SO ORDERED** this 25th day of October 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE